**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 113902

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jacqueline E. Jollon and Dolores Annarella, | Docket No: |
| Plaintiffs, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Encore Receivable Management, Inc., | |
| Defendant. | |

Jacqueline E. Jollon and Dolores Annarella (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Encore Receivable Management, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Jacqueline E. Jollon is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Dolores Annarella is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Encore Receivable Management, Inc., is a Kansas Corporation with a principal place of business in Johnson County, Kansas.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt alleged owed by Plaintiff Jollon, Defendant contacted Plaintiff Jollon by letter ("the Letter") dated December 2, 2016. ("**Exhibit 1**.")

16. In its efforts to collect the debt alleged owed by Plaintiff Annarella, Defendant contacted Plaintiff Annarella by letter ("the Letter") dated December 16, 2016. ("**Exhibit 1**.")

17. The Letter was the initial communication Plaintiff Jollon received from Defendant.

18. The Letter was the initial communication Plaintiff Annarella received from Defendant.

19. The Letters are identical in all material respects.

20. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692e and 1692g**

21. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

22. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

23. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

24. The question of whether a written notice adequately provides "the amount of the debt" is determined from the perspective of the "least sophisticated consumer."

25. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

26. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

27. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

28. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

29. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what she will need to pay to resolve the debt at any given moment in the future.

30. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

31. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

32. Even if a debt collector accurately conveys the foregoing information, the written notice nevertheless violates 15 U.S.C. § 1692g(a)(1) if the least sophisticated consumer could inaccurately interpret the message.

33. At all relevant times herein, the Debts accrued, and were subject to, interest.

34. At all relevant times, the Debts accrued, and were subject to, late fees.

35. The Letters state, "As of the date of this letter, your Total Account Balance is $[] of which $[] represents the Total Amount Due. Your Total Account Balance and Total Amount Due on the day you pay may be greater than the amounts listed above as a result of finance charges, late fees or other fees imposed on your account from day to day as outlined in the terms of your account and your account agreement."

36. The Letter fails to indicate whether payment of the "Total Account Balance" by any date certain would satisfy the debt.

37. The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

38. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

39. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

40. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

41. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to indicate the applicable interest rate.

42. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to indicate the date of accrual of interest.

43. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide the amount of interest during any measurable period.

44. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable the consumer to determine what she will need to pay to resolve the debt on any date after the date of the Letter.

45. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable the consumer to determine what she will need to pay to resolve the debt in the future.

46. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to indicate the amount of late fees.

47. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide the amount of late fees during any measurable period

48. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable the consumer to determine what she will need to pay to resolve the debt on any given date after the date of the Letter.

49. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable the consumer to determine what she will need to pay to resolve the debt in the future

50. The failure to include the foregoing information could lead the least sophisticated consumer to inaccurately interpret the message

51. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, incomplete.

52. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, insufficient.

53. For instance, the Letter fails to indicate the applicable interest rate.

54. For instance, the Letter fails to indicate the date of accrual of interest.

55. For instance, the Letter fails to indicate the amount of interest during any measurable period.

56. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

5

57. For instance, the Letter fails to indicate the amount of late fees.

58. For instance, the Letter fails to indicate the date such fees will be added.

59. For instance, the Letter fails to indicate the amount of late fees during any measurable period.

60. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

61. The Letter fails to state what part of the amount stated is attributable to principal

62. The Letter fails to state what part of the amount stated is attributable to interest.

63. The Letter fails to state what part of the amount stated is attributable to late fees.

64. The Letter fails to state what part of the amount stated is attributable to other fees.

65. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

66. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

67. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

68. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer

69. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

70. The Letter, because of the aforementioned failures, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

71. For these reasons, Defendant violated 15 U.S.C. § 1692g(a)(1).

72. The Letter, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

73. The Letter, because of the aforementioned failures, violates 15 U.S.C. §§ 1692g and 1692e.

## JURY DEMAND

74. Plaintiffs hereby demand a trial of this action by jury.

6

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Damages against Defendant in favor of Plaintiff Jollon pursuant to 15 U.S.C. § 1692k; and

b. Damages against Defendant in favor of Plaintiff Annarella pursuant to 15 U.S.C. § 1692k; and

c. Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d. Plaintiffs' costs; all together with

e. Such other relief that the Court determines is just and proper.

DATED: December 4, 2017

**BARSHAY SANDERS, PLLC**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 113902